David J. Tsai (SBN 244479)
david.tsai@pillsburylaw.com
John Steger (SBN 341299)
john.steger@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000

Carolyn S. Toto (SBN 233825)
carolyn.toto@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017
Telephone: 213.488.7100

Attorneys for Plaintiffs
*Hitron Technologies Americas Inc. and*
*Hitron Technologies Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HITRON TECHNOLOGIES AMERICAS INC., et al.,

Plaintiffs,

vs.

JOSHA26 INC. d/b/a DISCOUNTS JUNGLE, et al.,

Defendants.

Case No. 2:25-cv-03950-AH (AJR)

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST**
**(1) VIP LIQUIDATIONS,**
**(2) MICHAEL ANNABI, AND**
**(3) JORGE TORRES**

Date: September 16, 2026
Time: 1:30 p.m.
Courtroom: 9C, 9th Floor
Judge: Honorable Anne Hwang

TO DEFENDANTS VIP LIQUIDATIONS, MICHAEL ANNABI, AND JORGE TORRES:

PLEASE TAKE NOTICE that on September 16, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, Plaintiffs Hitron Technologies Americas Inc. and Hitron Technologies Inc. (collectively, "Hitron" or "Plaintiffs") will and hereby do move for entry of default judgment against defendants VIP Liquidations, Michael Annabi, and Jorge Torres.

This motion is made pursuant to Federal Rule of Civil Procedure 55(b)(2), Central District of California Local Rules 55-1 and 55-2, and California Penal Code section 496(c). Plaintiffs seek a monetary default judgment against defendants VIP Liquidations, Michael Annabi, and Jorge Torres, jointly and severally, in the amount of $1,025,480.40, consisting of $341,826.80 in actual damages, trebled pursuant to California Penal Code section 496(c). Plaintiffs do not seek attorneys' fees, costs, an accounting, return of inventory, injunctive relief, or any other non-monetary relief through this motion.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the declarations of David J. Tsai and Greg Fisher, the pleadings and records on file in this action, the proposed default judgment lodged concurrently herewith, and any further argument or evidence the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Hitron Technologies Americas Inc. and Hitron Technologies Inc. (collectively, "Hitron" or "Plaintiffs") respectfully move for entry of default judgment against Defendants VIP Liquidations, Michael Annabi, and Jorge Torres (collectively, "Default Defendants") on Counts 6 and 7 of the Second Amended Complaint, for conversion of violation of California Penal Code section 496. Those claims provide the basis for the monetary relief requested in this motion. Plaintiffs do not seek default judgment on Counts 1 through 5 against the Default Defendants and respectfully request that those claims be dismissed without prejudice.

Each of these Default Defendants was properly served with the Second Amended Complaint, failed to respond, and had default entered by the Clerk. Their respective defaults establish the well-pleaded allegations of the Second Amended Complaint, including that they participated in the receipt, possession, sale, transfer, or withholding of stolen Hitron products.

## II. STATEMENT OF FACTS

### a. Hitron's Products Were Stolen

Hitron sells and distributes Hitron-branded broadband and networking products, including DOCSIS 3.1 cable modems. Declaration of Greg Fisher ("Fisher Decl.") ¶¶ 4–6. In September 2024, Hitron arranged for a shipment of Hitron products to be delivered to an Amazon warehouse in Redlands, California. *Id.* ¶ 7. After delivery, thousands of Hitron products from that shipment were stolen. *Id.* ¶¶ 7–9.

Hitron maintained shipment, product, and serial-number records sufficient to identify the stolen products. *Id.* ¶ 8. Hitron later discovered unauthorized marketplace sales of Hitron products and confirmed through test purchases and serial-number review that products being sold through those unauthorized channels matched products from the stolen shipment. *Id.* ¶¶ 10–13.

**b. Default Defendants' Role in Possession and Sale of Hitron's Stolen Products**

As alleged in the Second Amended Complaint, Defendant Evergreen Focus purchased 3,116 units of Hitron DOCSIS 3.1 Cable Modems from Michael Annabi of VIP Liquidations. The Second Amended Complaint further alleges that Evergreen Focus identified Jorge Torres of R3 Transport as the party who sold the Hitron products to Michael Annabi.

**c. Hitron's Damages and Recovery to Date**

The products stolen from Hitron fall into two categories. The first category consists of 1,920 units of CODA-S12, described in Hitron's records as "CODA White case version D3.1 modem," Material No. 1504300014V0. *See* Fisher Decl. ¶ 20. The second category consists of 1,190 units of CODA56-S12, described in Hitron's records as "CODA56 D3.1 Cable Modem," Material No. 1504700001V0. *See* Fisher Decl. ¶ 21.

The market price for the CODA-S12 units is $109.99 per unit, and the market price for the CODA56-S12 units is $159.99 per unit. Fisher Decl. ¶¶ 22–24. Applying those market prices to the stolen products attributable to the relevant chain, the 1,920 CODA-S12 units had a market value of $211,180.80, and the 1,190 CODA56-S12 units had a market value of $190,388.10. *Id.* ¶ 25. The total market value of the 3,110 stolen products is therefore $401,568.90. *Id.*

Hitron has recovered 1,245 units of stolen product from downstream recipients or sellers. Fisher Decl. ¶ 28. Those returned goods consist of 1,115 CODA-S12 units and 130 CODA56-S12 units. *Id.* ¶ 29. Although some of those goods were physically returned, the returned goods were outside Hitron's custody for an extended period and were recovered from unauthorized channels. *Id.* ¶¶ 30–32.

Hitron inspected the returned goods and confirmed with the factory that the returned goods are not in merchantable condition. Fisher Decl. ¶¶ 31–33. Hitron therefore assigns no remaining market value to those returned units for purposes of this damages calculation. *Id.*

Hitron has already recovered $64,000 from other sources in connection with the stolen goods. Fisher Decl. ¶ 35. Hitron credits the full $64,000 against the damages sought in this motion. *Id.* ¶ 36.

Hitron also incurred or expects to incur disposal or scrap fees of $3.42 per unit for the returned non-merchantable goods. Fisher Decl. ¶ 37. Multiplying the 1,245 returned units by the $3.42 per-unit disposal or scrap fee results in disposal or scrap fees of $4,257.90. *Id.* ¶ 38. Thus, Hitron's total actual damages amount to $341,826.80. *Id.*

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step default judgment process. First, the Clerk enters default when a defendant fails to plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, the Court may enter default judgment under Rule 55(b)(2).

Upon default, the well-pleaded factual allegations of the complaint, other than those relating to damages, are taken as true. The Court considers the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the amount at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Central District Local Rule 55-1 further requires a declaration establishing: (1) when and against what party default was entered; (2) the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served if required by Rule 55(b)(2). Local Rule 55-2 permits unliquidated damages to be proven by declarations, provided the defaulting party is given notice of the amount requested.

## IV. ARGUMENT

### a. The Procedural Requirements for Default Judgment Are Satisfied

The Clerk entered default against defendant Jorge Torres on April 7, 2026 on the Second Amended Complaint. The Clerk entered defaults against defendants VIP Liquidations and Michael Annabi on June 1, 2026 on the Second Amended Complaint. VIP Liquidations, Michael Annabi, and Jorge Torres have not answered, appeared, or otherwise defended this action.

The accompanying declaration of David J. Tsai ("Tsai Decl.") satisfies Local Rule 55-1. It identifies the defaults entered against VIP Liquidations, Michael Annabi, and Jorge Torres (Tsai Decl. ¶¶ 6, 9, 10); identifies the Second Amended Complaint as the operative pleading to which defaults were entered (*id.* ¶ 11); establishes that the defaulting defendants are not infants or incompetent persons (*id.* ¶¶ 12–13); establishes that the Servicemembers Civil Relief Act does not apply (*id.* ¶ 14, Exs. A, B); and confirms that this motion and all supporting papers have been served on the Default Defendants (*id.* ¶¶ 17, 18, Exs. C, D, E).

### b. The *Eitel* Factors Support Default Judgment

First, Hitron will be prejudiced if default judgment is denied because Default Defendants have failed to appear or defend, leaving Hitron without a remedy against them. Default Defendants' default has prevented Hitron from obtaining complete discovery into their acquisition, possession, transfer, and sale of Hitron's stolen products. Default judgment is necessary to compensate Hitron for the loss caused by Default Defendants' receipt, sale, transfer, or withholding of stolen goods.

Second, Hitron's claim is meritorious and supported by law. The Second Amended Complaint states claims against Default Defendants for conversion and violation of California Penal Code section 496. Hitron alleges that the Hitron products were stolen, that Hitron retained legal title to and the immediate right of possession over those goods, and that Default Defendants wrongfully received, possessed, sold, transferred, concealed, withheld, or otherwise exercised control over those products.

The Second Amended Complaint further alleges that Michael Annabi and VIP Liquidations sold thousands of stolen Hitron products to Evergreen Focus, and that Jorge Torres was identified as the upstream source that sold the Hitron products to Michael Annabi and VIP Liquidations. These allegations, taken as true upon default, establish that Default Defendants participated in the chain of possession and sale of stolen Hitron products and caused Hitron harm.

Third, the Second Amended Complaint pleads the relevant facts with sufficient specificity. It identifies the stolen Hitron products, the theft from the Amazon facility, the later discovery of stolen units in unauthorized sales channels, the serial-number confirmation, the upstream sales chain, and the specific involvement of VIP Liquidations, Michael Annabi, and Jorge Torres. These allegations are sufficient to support default judgment.

Fourth, the amount at stake is reasonable and supported by evidence. Hitron seeks a damages award based on its net uncovered loss, trebled under Penal Code section 496(c). Hitron does not seek duplicative damages, attorneys' fees, costs, an accounting, return of inventory, injunctive relief, or any other non-monetary relief. Hitron's actual damages are $341,826.80, calculated by taking the $401,568.90 market value of the stolen goods, subtracting the $64,000 already recovered, and adding $4,257.90 in disposal or scrap fees for returned non-merchantable goods. Fisher Decl. ¶¶ 19–39. Hitron seeks treble damages under Penal Code section 496(c), resulting in a total damages request of $1,025,480.40.

Fifth, there is no genuine possibility of factual dispute. Default Defendants have not appeared, answered, or disputed the allegations. Their default establishes the well-pleaded allegations of the Second Amended Complaint. Hitron's damages are supported by business records, marketplace pricing evidence, returned-goods records, recovery records, and the declaration of Hitron Technologies Americas Inc. President and CTO Greg Fisher.

<u>Sixth</u>, there is no evidence of excusable neglect. Default Defendants were served with the Second Amended Complaint and failed to respond. Their failure to appear was not due to excusable neglect.

Finally, although public policy favors decisions on the merits, Default Defendants' failure to appear makes a merits decision impossible. This factor does not preclude default judgment.

**c. Hitron is Entitled to Damages Based on the Value of the Stolen Goods**

California law permits recovery of the market value of converted property. Civil Code section 3336 provides that the detriment caused by wrongful conversion of personal property is presumed to be the value of the property at the time of conversion, with interest, or an amount sufficient to indemnify the injured party for the natural, reasonable, and proximate loss caused by the wrongful act. Thus, where stolen goods are wrongfully received, transferred, sold, or withheld, the injured owner may recover the market value of those goods as actual damages.

Here, the stolen property consisted of Hitron DOCSIS 3.1 cable modems. Hitron's damages are properly measured by the market value of the stolen goods attributable to VIP Liquidations, Michael Annabi, and Jorge Torres, reduced by amounts Hitron has already recovered for the same goods. Hitron does not seek duplicative recovery.

Hitron's damages analysis identifies 1,920 units of CODA-S12, described as "CODA White case version D3.1 modem," Material No. 1504300014V0, and 1,190 units of CODA56-S12, described as "CODA56 D3.1 Cable Modem," Material No. 1504700001V0. Fisher Decl. ¶¶ 19–21. The applicable market prices are $109.99 for each CODA-S12 unit and $159.99 for each CODA56-S12 unit. *Id.* ¶¶ 22–24. The CODA-S12 units therefore had a market value of $211,180.80, and the CODA56-S12 units had a market value of $190,388.10. *Id.* ¶ 25. The total market value of the stolen products attributable to Default Defendants is $401,568.90. *Id.*

Hitron credits the $64,000 it has already recovered for the same stolen goods. Fisher Decl. ¶¶ 35–36. Hitron also includes $4,257.90 in disposal or scrap fees for returned non-merchantable goods, calculated by multiplying 1,245 returned units by $3.42 per unit. *Id.* ¶¶ 37–38. This results in net actual damages of $341,826.80. *Id.* ¶ 39.

**d. Hitron Is Entitled to Treble Damages Under Penal Code Section 496(c)**

California Penal Code section 496 prohibits receiving, concealing, selling, withholding, or aiding in concealing, selling, or withholding property known to be stolen. Section 496(c) provides a civil remedy for a person injured by such conduct, including three times the amount of actual damages.

The Second Amended Complaint alleges that Hitron's products were stolen; that defendants VIP Liquidations, Michael Annabi, and Jorge Torres received, sold, transferred, concealed, withheld, or assisted in the sale or withholding of those stolen products; and that Hitron was injured. By defaulting, Default Defendants admit the well-pleaded allegations of the Second Amended Complaint.

Hitron's actual damages, after crediting amounts already recovered and including disposal or scrap fees for returned non-merchantable goods, are $341,826.80. Fisher Decl. ¶ 39. Hitron therefore requests treble damages under Penal Code section 496(c), resulting in a total damages award of $1,025,480.40.

## V. CONCLUSION

For the foregoing reasons, Hitron respectfully requests that the Court enter default judgment in favor of Plaintiffs Hitron Technologies Americas Inc. and Hitron Technologies Inc. and against defendants VIP Liquidations, Michael Annabi, and Jorge Torres, jointly and severally, in the amount of $1,025,480.40, consisting of $341,826.80 in actual damages trebled pursuant to California Penal Code section 496(c), with post-judgment interest as provided by law.

Dated: August 14, 2026

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ David J. Tsai*
David J. Tsai

*Attorneys for Plaintiffs*
*Hitron Technologies Americas Inc. and*
*Hitron Technologies Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notification of the filing to all counsel of record.

*/s/ David J. Tsai*
David J. Tsai

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certify that this brief contains 2073 words, which complies with the word limit of L.R. 11-6.1.

*/s/ David J. Tsai*
David J. Tsai