UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-03950-AH-AJRx | Date | September 11, 2026 |
| Title | *Hitron Technologies Americas Inc. et al. v. Josha26 Inc. et al.* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE**

The Court has reviewed Plaintiffs' Motion for Default Judgment ("Motion"), Dkt. No. 124, and is presently unable to conclude that the Court has jurisdiction to grant the Motion. In particular, the allegations in the Second Amended Complaint do not sufficiently establish this Court's personal jurisdiction over Defendants VIP Liquidations and Michael Annabi. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. A judgment entered without personal jurisdiction over the parties is void.") (citations omitted). Additionally, because the Motion requests to dismiss all federal claims and only seeks default judgment on state law claims, it appears the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

Accordingly, to address these issues, Plaintiffs are ORDERED TO SHOW CAUSE, in writing, by September 18, 2026:

1. Why this Court has personal jurisdiction over Defendants VIP Liquidations and Michael Annabi; and
2. Why this Court should exercise supplemental jurisdiction over Counts 6 and 7 for conversion and violation of Cal. Penal Code § 496 once it dismisses Counts 1 through 5.

In light of this Order, the hearing on the Motion for Default Judgment [124] set for September 16, 2026, is VACATED. Failure to adequately or timely respond to this Order will result in denial of the Motion for Default Judgment without further notice.

**IT IS SO ORDERED.**